IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:05CR00246 SWW |
| | * | (No. 4:07CV01047 SWW) |
| FILBERTO MORENO-CHAVARRIA, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion under 28 U.S.C. § 2255 filed by Filberto Moreno-Chavarria on October 17, 2007, and an amended petition for relief filed on August 22, 2008, by petitioner's appointed counsel.  For the reasons stated below, the motions are denied.

**Background**

According to the memorandum filed in support of his original motion, Arkansas State Police Officer Lowry Astin stopped petitioner on April 2, 2005, for a traffic violation.  After receiving consent to search, Astin found marijuana in the horse trailer petitioner was pulling, and arrested him for possession of marijuana.  After being transported to State Police Headquarters in Forrest City, Arkansas, petitioner gave a statement after being advised of his *Miranda* rights.  He said he agreed to drive a load of marijuana from El Paso, Texas, to Memphis, Tennessee.  He said two Hispanic males gave him money to purchase a truck to pull the horse trailer loaded with marijuana.  Arkansas state authorities charged petitioner with possession with intent to deliver approximately fifty pounds of marijuana, and released petitioner on bond on April 7, 2005.  Later, the state issued an arrest warrant for petitioner for theft by receiving relative to the horse

trailer, which had been stolen. Petitioner failed to appear for trial on May 20, 2005. He asserts the attorney he retained to represent him in state court told him there were no court dates with which to be concerned.

On September 7, 2005, petitioner was charged in a two-count federal indictment with possession with intent to distribute approximately 866 pounds of marijuana in violation of 21 U.S.C. § 841 and conspiracy to possess with intent to distribute approximately 866 pounds of marijuana in violation of 21 U.S.C. § § 841 and 846. He was arrested on October 27, 2005, in El Paso, Texas, and entered an initial appearance in federal court on November 22, 2005.

On June 12, 2006, petitioner pleaded guilty to count one of the federal indictment. Upon entry of his plea, the government dismissed count two. On October 11, 2006, the Court sentenced petitioner to 60 months imprisonment. On October 17, 2007, petitioner filed a *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The government responded in opposition to the motion. The Court appointed counsel to represent petitioner on two of his grounds for relief.[1] The Court held an evidentiary hearing on April 11, 2008, on petitioner's claim that his attorney was ineffective for failing to file an appeal, and a hearing on December 12, 2008, on his allegation that counsel was ineffective for failing to file a motion to suppress.

As grounds for relief, petitioner alleges (1) his counsel was ineffective because he failed to file an appeal as directed; (2) his counsel was ineffective because he failed to investigate allegations regarding petitioner's arrest, causing petitioner to unknowingly and involuntarily

---

[1] Originally, the Court appointed counsel to represent petitioner only on the allegation that his attorney failed to file a notice of appeal. Subsequently, the Court asked appointed counsel to address petitioner's Fourth Amendment claim. *See* docket entries 34, 35, 43.

plead guilty; (3) his counsel was ineffective because he failed to challenge the constitutionality of the search and statements petitioner gave; (4) his counsel was ineffective because he failed to explain the consequences of his guilty plea as to deportation; and (5) the government violated his rights under Article 36 of the Vienna Convention.

**Ineffective Assistance of Counsel**

To establish that he was deprived of effective assistance of counsel, petitioner must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court need not address both components if the petitioner makes an insufficient showing on one of the prongs. *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "Prejudice, for purposes of an ineffective assistance of counsel

claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

**a. Failure to File An Appeal**

At the hearing on April 11, 2008, petitioner withdrew his claim that counsel was ineffective for failing to file an appeal. The Court dismisses that claim with prejudice.

**b. Failure to Investigate**

Petitioner claims his counsel was ineffective because he did not investigate the disparity between the state charge of possession of approximately fifty pounds of marijuana and the federal indictment charging him with approximately 886 pounds of marijuana, and did not investigate the circumstances involved in petitioner's failure to appear for trial in state court. He says that if he had known the government would have to prove possession of 866 pounds of marijuana rather than fifty, he would not have pleaded guilty. He also asserts that he received a two-level enhancement for obstruction of justice for his failure to appear in state court.

"Prejudice, in the context of a guilty plea, is established if [a petitioner] can 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Roberson v. United States,* 901 F.2d 1475, 1478 (8th Cir. 1990)(internal citation omitted). Petitioner fails to provide any evidence that he did not understand the consequences of his plea, and he does not set forth any proof that he was coerced or otherwise forced to plea. Further, the record reflects that the state charges against petitioner were dropped, and that petitioner did not receive a two-level enhancement for failing to appear for trial in state court. The Court finds petitioner's claim that his counsel's ineffectiveness caused him to unknowingly and involuntarily plead guilty should be dismissed.

**c. Failure to File Motion to Suppress**

Petitioner argues that his counsel was ineffective for failing to move to suppress the evidence revealed in the search and the statement made at the police headquarters.  The government argues there was probable cause for the stop and valid consent to search.  The government also points out that petitioner's counsel was able to obtain a sentence at the statutory minimum range which was below the sentence recommended by the guidelines.

Where a petitioner argues that his conviction should be set aside for ineffective assistance of counsel for failure to file a motion to suppress evidence, the petitioner must establish that he was prejudiced by the failure.  *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000).  Where a petitioner would have lost on a motion to suppress had it been made, he was not prejudiced for the failure to file.  *Iron Wing v. United States,* 34 F.3d 662, 665 (8th Cir. 1994).

The evidence appears undisputed that the sole reason for the stop of petitioner's vehicle was that it crossed the fog line.  According to Arkansas law,

> [w]henever a roadway has been divided into two [2] or more clearly marked lanes for traffic, the following rules in addition to all others consistent with the subchapter shall apply: (1) a vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety . . .

Ark. Code Ann. § 27-51-302.  Petitioner argues that his alleged conduct of crossing the fog line was not a violation of Arkansas law and was insufficient to justify a stop.

In *United States v. Pulliam,* 265 F.3d 736 (8th Cir. 2001), the Eighth Circuit held:  "It is well established that a traffic violation, however, minor, creates probable cause to stop the driver of a vehicle.  Byrd [an Arkansas State Trooper] stopped Pulliam for drifting over the fog line twice in two miles, a violation of Ark. Code Ann. § 27-51-302, which provides that 'a vehicle

shall be driven as nearly as practicable entirely within a single lane . . .'"  236 F.3d at 739.  The Court finds petitioner fails to establish that his counsel was ineffective for failing to move to suppress evidence on the basis of lack of probable cause to stop.

Petitioner claims counsel was ineffective for failing to move to suppress evidence on the basis that the consent to search was not voluntary.  Petitioner presents no evidence that he did not validly consent to the search of the truck and trailer or that petitioner was not properly informed of his *Miranda* rights in his native language and voluntarily, knowingly, and intelligently waived those rights.  The evidence shows that upon stopping petitioner, Astin spoke with him, in English, asking for his license, registration, and insurance.  Petitioner told Astin he was taking four race horses to Memphis.  According to Astin, petitioner was shaking and appeared nervous.  The evidence shows Astin asked petitioner for permission to search both the truck and trailer, and that petitioner consented.  When Astin discovered what he thought were drugs, he arrested petitioner and transported him to police headquarters, where he read petitioner his *Miranda* rights in Spanish.  Agents with DEA later interviewed petitioner in English.

A court determines whether consent for a search was voluntary under the totality of the circumstances.  *United States v. Esquivel*, 507 F.3d 1154, 1159 (8th Cir. 2007).

> The Government bears the burden of proving voluntary consent by a preponderance of the evidence and must show that the defendant behaved in such a manner that the officer reasonably believed that the search was consensual.  In evaluating the reasonableness of the officer's belief, we consider the characteristics of the person consenting, 'including the party's age, intelligence and education, whether he was under the influence of drugs or alcohol, whether he was informed of his right to withhold consent, and whether he was aware of rights afforded criminal suspects.'  We also consider the environment in which the alleged consent took place, 'specifically (1) the length of time he was detained; (2) whether the police threatened, physically intimidated, or punished him; (3) whether the police made promises or misrepresentations; (4) whether he was in custody or under

>arrest when the consent was given; (5) whether the consent occurred in a public or a secluded place; and (6) whether he stood by silently . . . as the search occurred.'

*Id.* (citations omitted).

Officer Astin testified he knew petitioner's age from his driver's license and carried on an intelligent conversation with petitioner in English. There is no evidence petitioner was under the influence of alcohol or narcotics at the time, and the encounter occurred in daylight on an interstate highway. The evidence shows petitioner asked Astin to repeat some of the questions but there is no evidence petitioner did not fully understand the questions or that he did not consent to the search. Officer Astin testified he did not advise petitioner he had the right to refuse consent, that he had a right to limit consent, or that he had a right to withdraw consent at any time. He further admitted he had a consent-to-search form in Spanish in his patrol car but did not use it because petitioner was speaking English well. "The Supreme Court has rejected in specific terms the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search.'" *United States v. Va Lerie,* 424 F.3d 694, 710 (8th Cir. 2005)(citation omitted). *See also Pace v. State,* 580 S.W.2d 689 (Ark. 1979)(nothing in Rule 11.5 requires person giving consent to search be advised of a right to revoke it).

The Court finds, considering the totality of the circumstances, that petitioner's counsel was not ineffective for failing to challenge the evidence obtained from the search and subsequent statements. It is clear from the evidence before the Court that counsel's conduct fell within the wide range of reasonable professional assistance. Further, petitioner fails to demonstrate there is a

reasonable probability that but for his attorney's failure to file a motion to suppress the results of the proceeding would have been different.

**d.  Failure to Explain Collateral Consequences of a Plea and Potential Deportation**

The Eighth Circuit has not expressly addressed whether an attorney's failure to advise his client that deportation may result from a conviction constitutes ineffective assistance of counsel. Nevertheless, those circuits that have addressed the issue have unanimously held that an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel.  *United States v. Banda,* 1 F.3d 354, 355 (5th Cir. 1993); *United States v. Tearwood,* 863 F.2d 6, 7-8 (4th Cir. 1988); *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir. 1985); *United States v. Santelises,* 509 F.2d 703, 704 (2nd Cir. 1975).  The Eighth Circuit has indicated some support for this proposition.  *See Gumangan v. United States,* 254 F.3d 701, 706 (8th Cir. 2001).

Failure of counsel to explain the collateral consequences of a conviction regarding the defendant's potential for deportation does not constitute ineffective assistance of counsel because counsel is under no obligation to inform the defendant of all the collateral consequences of a conviction.  *See Brady v. United States.* 397 U.S. 742, 755 (1970)(requiring accused to be "fully aware of the direct consequence" of a guilty plea).  As a result, petitioner fails to show ineffective assistance of counsel as to this claim.

**Rights Under Article 36 of the Vienna Convention**

Petitioner asserts he is entitled to relief under § 2255 because he was denied his right to speak to the Mexican Consulate under Article 36 of the Vienna Convention.

Article 36 of the Vienna Convention provides that when a national of one signatory country is detained by authorities of another, the authorities must notify the consular offices of the detainee's home country if the detainee so requests. *Sanchez-Llamas v. Oregon,* 548 U.S. 331 (2006). Claims under Article 36 are subject to the same procedural default rules applicable to other federal law claims. *Id.* at 360. Therefore, courts are to apply to Vienna Convention claims the general rule that a defendant who failed to raise a claim on direct appeal is barred from raising the claim on collateral review. *Id.*

The evidence reflects that at the time he spoke to the United States Probation Officer, petitioner said he was a United States citizen as of 2000. If he lied and is not a citizen of the United States, the record is clear that he did not bring an appeal and raise this issue. Furthermore, the Eighth Circuit has acknowledged that circuits are split as to whether Article 36 creates an enforceable individual right to an arrested individual. *See United States v. Santos,* 235 F.3d 1105, 1107-08 (8th Cir. 2000).

## Conclusion

For the above reasons, the Court denies the petition for relief under 28 U.S.C. § 2255.[2]

DATED this 19th day of December 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Docket entries 24 and 45.